UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC 22-212 GW (MRWx) | Date | February 27, 2023 |
|---|---|---|---|
| Title | Lavoie v. Hyundai North America | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:**   ORDER TO SHOW CAUSE RE: DISMISSAL

1.   This is a motion to compel compliance with a Rule 45 subpoena issued in connection with out-of-district litigation.

2.   In November 2022, the Court ordered Defendant Hyundai to "properly serve the motion" on all relevant parties, including those potentially liable for compliance with the subpoena, "and file proof of service within two weeks." (Docket # 8.) The Court informed the parties at the time that "no briefing schedule or hearing date will be set before the demonstration of valid service of the motion." (Id.)

3.   Since then, no party has filed <u>anything</u> in this action. More importantly, Defendant Hyundai has not demonstrated that it served the original motion on the real party in interest. The company also has not shown that it has taken any steps to advance the pending action.

4.   Defendant Hyundai is ordered to show cause why this action should not be dismissed for: (a) failure to serve; (b) failure to comply with a court order; and (c) failure to prosecute under Federal Rule of Civil Procedure 41. Hyundai will respond to this OSC by a declaration from lead counsel (NTE three pages) explaining the status of the action and whether dismissal is appropriate.[1]  Defendant's response will be due by March 8.

---

[1]   The Court notes that Hyundai's original request for relief also included transfer of the action to Nevada as an alternative remedy. (Docket # 1 at 9-10.) However, I don't intend to recommend transfer of the action if it is moot or has been abandoned.